[No. 14785.   Department One. — August 19, 1892.]

THOMAS FRASER, APPELLANT, *v.* D. A. OTT, RE-
SPONDENT.

BOUNDARY — CENTER OF HIGHWAY — PRESUMPTION — EFFECT OF DEED. —
An owner of land bounded by a road or street is presumed to own to the
center of the way, and when one conveys land bounded by a highway,
he passes his title to the center of the highway, subject to the public
easement, unless a different intent appears from the grant.

ID. — GRANT OF TWO ACRES OF BLOCK ADJOINING STREET — DESCRIPTION —
MEASUREMENT OF QUANTITY. — A conveyance of two acres of a block
adjoining a street passes title to half of the adjoining street, subject to the
public easement; but it does not necessarily follow that the two acres
must be measured by going to the center of the street; and if the deed
describes the blocks as four-acre blocks, which appears to be the size of
the blocks, exclusive of the adjoining streets, the description of the north
two acres of a specified block in effect describes the north half thereof,
exclusive of the street, especially where the deed describes a right of
way as conveyed over the east end of the south half of the same block.

ID. — DEFINITION OF "BLOCK." — A "block" is a square or portion of a
city inclosed by streets, whether occupied by buildings or composed of
vacant lots, and this is the meaning of the word as used in a conveyance
of the north two acres of a four-acre block.

APPEAL from a judgment of the Superior Court of
Orange County, and from an order granting a new trial.

*E. E. Keech*, for Appellant.

*F. O. Daniel*, for Respondent.

BELCHER, C. — This is an action to quiet the plaintiff's
title to a parcel of land, and the material facts, shown by
the record, are as follows: —

On July 29, 1889, one George B. Lyon was the owner
of a block of land situate in the town of Santa Ana East,
in the county of Orange, and on that day conveyed to
the plaintiff, by a bargain and sale deed, a portion thereof,
described as follows: "The same being the north two
acres of block No. thirteen (13) of the Western Develop-
ment Company's four (4) acre blocks in the town of Santa
Ana East, as per map of said Santa Ana East recorded
in book 10, pages 43 and 44, of the miscellaneous records
of Los Angeles County, California; also the right of way,
for street purposes only, over twenty feet of land off the

east end of the south half of said block 13 in said town of Santa Ana East aforesaid."

Immediately after executing the aforesaid deed, Lyon executed and delivered to defendant D. A. Ott a contract, by which he bound himself to sell and convey to Ott the balance of the said block upon certain terms and conditions.

The block in question is one of fifteen adjoining blocks, laid out by the Western Development Company, and is bounded on the west and south by streets sixty feet wide. Measuring to the center of these streets, it contains 4.65 acres, but excluding the streets it contains 4.04 acres only.

Lyon died before this action was commenced, but his contract with Ott remained in full force, and was binding upon his legal representatives and heirs when the case was tried.

In his complaint the plaintiff alleged that he was the owner and in possession of the north half of the said block, together with the right of way for street purposes over twenty feet of land off the east end of the south half thereof; that the defendants, D. A. Ott and the executors and heirs of Lyon, and each of them, claimed an estate or interest in the said premises adverse to the plaintiff, but that they had no estate or interest therein, and their said claims were without any right whatever.

By his answer, the defendant Ott denied that the plaintiff was in possession of, or had any title to, or any estate or interest in, the land and premises described in his complaint; and further denied that defendant's claim to the said land was without right. And for a further and separate answer, the said defendant then set up his contract with Lyon, and alleged that under and by virtue of said contract he claimed an interest in all of the said block of land, except the north two acres thereof, and that he claimed no interest or estate of any kind in or to the said north two acres, and no interest adverse to the plaintiff to the right of way for street purposes, while

used as such, over twenty feet off the east end of the south half of said block.

The other defendants answered, but their answers need not be considered.

The case was tried, and the court found as follows: —

"1. That the plaintiff, at the time of the bringing of this action, and for some time prior thereto, was and still is the owner in fee of that certain parcel of land situate in the county of Orange, state of California, and described as follows, to wit: The north two acres of block 13 in Santa Ana East, which north two acres do not include any portion of the street adjoining said block on the west side thereof, but containing two acres exclusive of said street.

"2. That the defendants, and each of them, claim an estate and interest to a strip on and along the south side of said two acres, nineteen feet wide, which claim and interest are adverse to that of the plaintiff.

"3. That the claim of the said defendants, and each of them, to the said strip on and along the south side of said two acres is without any right whatever," etc.

In accordance with these findings, judgment was duly given and entered in favor of the plaintiff. The defendant Ott then moved for a new trial upon a statement of the case. Attached to the statement were specifications, in substance, that findings 1 and 2 were not justified by the evidence, because, as shown by the evidence, the plaintiff's north two acres of the block should be measured by extending the same to the center of the adjacent street on the west; that finding 2 was not justified, because there was no evidence upon which it could be based; and that certain errors in law were committed by the court in its rulings upon the admission of evidence.

The court granted the motion, but upon what ground does not appear, and from this order the plaintiff has appealed.

The principal question discussed by counsel is as to the location of the west boundary line of appellant's two acres; and while the attorney for respondent claims that,

under the pleadings, the trial court had no authority to decree appellant anything more than the north two acres of the block, without any allusion to streets, still he says: "If this court should hold that the pleadings are so framed as to authorize the court to decide the question appellant contends for, i. e., whether or not appellant must go to the center of the street on the west to get his two acres, I will be glad to have this court settle it."

At the trial the appellant offered in evidence his deed from Lyon, and the map referred to therein, and then rested his case. This map showed that along the sides of some of the blocks laid out thereon streets were marked out, and that along the sides of others no streets were marked.

The respondent introduced in evidence his contract with Lyon, and then called the county surveyor as a witness. The witness testified, in substance, that he had measured block 13, as shown on the map, and that it contained the number of acres and fractions of an acre above stated, and also that in order to make this block the same size as the other blocks around which no streets were marked, it was necessary to measure to the center of the adjoining streets."

The foregoing was all the material evidence in the case, and upon it the court made its findings and rendered its judgment.

Looking, then, at the evidence, the findings, the specifications attached to the statement, and the briefs of counsel, it seems apparent that the real and only controversy at the trial was as to the true location of the appellant's south line, and that this depended upon the location of his west line. Under these circumstances, we think the court was authorized to determine the question contested by the parties, and that the respondent cannot now be heard to object that it was not sufficiently raised by the pleadings.

The question, then, is as to the construction to be given to appellant's deed. It is true, as claimed by respondent, that an owner of land bounded by a road or street is

presumed to own to the center of the way (Civ. Code, sec.
831); and when one conveys land bounded by a highway,
he passes his title to the center of the highway, unless a
different intent appears from the grant. (Civ. Code, sec.
1112.) And it has been held that a deed describing land
as bounded "by," "upon," or "along" a street or high-
way should be construed, if practicable, upon grounds of
public policy, as including the land to the center of the
street or highway. (*Moody* v. *Palmer*, 50 Cal. 31.) It
may be conceded, therefore, that when Lyon conveyed
the north two acres of block 13 to appellant, he owned,
and, subject to the public easement, passed the title, to
the east half of the adjoining street.

This being so, respondent contends that as there are
no words in the deed limiting the grant to the east side
of the street, the two acres must be measured by going
to the center thereof.

We do not think this conclusion follows. As we un-
derstand it, the tract of land laid out by the Western
Development Company was intended to be made an ad-
dition to the city of Santa Ana; and the blocks were to
be sold and used for residence or business purposes.
The subdivisions were all of the same size, and doubtless
it was intended that the blocks to be built upon should
also be of the same size, after the streets necessary to
make them accessible should be laid out and established.
Some of the necessary streets were not marked out on
the map, but this we do not consider of any importance.
The deed speaks of the blocks as *four-acre* blocks, and
that is shown to be practically the size of the block in
question; exclusive of the adjoining streets. Ordinarily,
no two surveyors exactly agree in their measurements
of land, and the variance of four hundredths of an acre
may easily be accounted for in that way. The deed,
then, by describing the land to be conveyed as the north
two acres of the block, in effect described the north half
thereof; and that such was the intention of the parties
is further shown by the description of the right of way,

conveyed over the east end of the *south half* of the same block.

One of the definitions of the word "block" given by Webster is: "A square or portion of a city inclosed by streets, whether occupied by buildings or composed of vacant lots "; and this, in our opinion, was the meaning of the word as used in the deed to appellant. The court therefore rightly found that appellant was the owner of the north two acres of block 13, exclusive of the street, and that respondent claimed an interest therein adverse to him.

We see no error in the rulings of the court complained of. The testimony objected to and excluded was irrelevant and immaterial.

It results, in our opinion, that the court erred in granting the motion for new trial, and that the order should be reversed.

VANCLIEF, C., and TEMPLE, C., concurred.

For the reasons given in the foregoing opinion, the order appealed from is reversed.

PATERSON, J., HARRISON, J., GAROUTTE, J.

Hearing in Bank denied.