[No. 30857. Department One. February 8, 1949.]

VUKO DELEVICK, *Appellant*, v. BERT A. REBBLE *et al.*, *Respondents.*[1]

*Marion Garland, Sr., Marion Garland, Jr.,* and *Frank Hunter*, for appellant.

*Ralph Purvis*, for respondents.

MALLERY, J.—This case presents a boundary line dispute between two adjoining landowners. Zaria M. Sukovich was the common grantor of the plaintiff and the defendants herein. Before making a conveyance to either party, Sukovich's property consisted of approximately five acres and was described as follows:

"A tract of land in Section 36, Twp. 26 North Range 1 East, W. M., described as follows: Being the North 342.80 feet of the Northeast quarter of the Southeast quarter of the Southeast quarter, said section 36, less two strips of land each 20 feet wide, one on the north boundary and one on the east boundary of said tract, being heretofore dedicated for road purposes."

This is all the record shows as to two twenty-foot strips of land on the north boundary and on the east boundary of the above-described property. There is no testimony as to whether they were private roads or public roads, nor is there any light on the question of a dedication or accep-

[1]Reported in 202 P. (2d) 438.

tance of the dedication for road purposes, nor does the record show whether or not the two twenty-foot strips of land had been conveyed to some private person as an easement or by outright deed. All that we can say about them is that they had been excepted from the deed to Sukovich.

On April 1, 1941, the plaintiff had bought two acres of ground at one hundred dollars an acre from Sukovich, who deeded the same to him using the following description:

"The East two (2) acres of the following described real property, to-wit:

"A tract of land in Section 36, Twp. 26 North Range 1 East, W. M., described as follows: Being the North 342.80 feet of the Northeast quarter of the Southeast quarter of the Southeast quarter, said section 36, less two strips of land each 20 feet wide, one on the north boundary and one on the east boundary of said tract, being heretofore dedicated for road purposes."

On November 13, 1944, Sukovich deeded to the defendants the balance of the property, which was described in his deed as follows:

"The North 342.80 feet of the Southeast quarter of the Southeast quarter of Section 36, Township 26 North, Range 1 West, W. M. EXCEPT the East 2 acres thereof; also EXCEPT the North 20 feet and the West [sic] 20 feet thereof for road purposes."

It may be noted that the exception of the two twenty-foot strips of land on the north and east boundary on Sukovich's tract appears in both deeds, but that the plaintiff was deeded two acres while the defendants received a deed to the remainder of the property. The question presented to the court is whether the two acres in plaintiff's deed should be held to include or exclude the two twenty-foot strips of land.

This would affect the location of the plaintiff's west boundary which is also the defendant's east boundary. The trial court held that the two twenty-foot strips were to be included in the description of the plaintiff's two-acre tract, and, from that judgment, the plaintiff has appealed.

It will be noted that the appellant's description is in two parts. First, it purports to convey the east two acres of ground without being qualified by the language "more or less," and the only description of the land by which it can be located is that it is the east two acres of a specific larger tract of land. This conveyance is prior to respondents' conveyance, and the respondents received only that remaining part of the larger tract, without reference to size, which the appellant did not get by his deed.

■ There is no contention in this case but what the appellant is entitled to exactly two acres of ground, and that it is the east two acres of the larger tract. It appears that the common grantor Sukovich has not been guilty of selling the same ground twice, since he used the description of his property from which he specifically deeded two acres to the appellant and later deeded the remainder, as such, to the respondents. The only calls by which the property can be located are those that describe the entire tract as owned by Sukovich, and the language of that description is contained in both deeds.

We are satisfied that the grantor and appellant intended to sell and buy exactly two acres of land. We are in accord with the rule as expressed in 11 C. J. S. 585, as follows:

"Even though the description in a conveyance is to the side of a highway and names the quantity of land, the grantee will take to the center, and this is true even if the conveyance has been limited to a specified strict measure within boundary lines described as abutting on the exterior line of a street; but where the required quantity can be obtained by beginning at the side of the highway or street, and such is clearly the intent of the instrument, the grantee will take the quantity contracted for exclusive of the street."

See, also, *Fraser v. Ott*, 95 Cal. 661, 30 Pac. 793, which supports appellant's position, as does also *Wegge v. Madler*, 129 Wis. 412, 109 N. W. 223, 116 Am. St. 953.

No question was raised on this appeal as to appellant's second cause of action, and hence the judgment as to it will not be disturbed. However, that part of the lower court's

judgment that held that appellant's two acres *included* the two twenty-foot strips of land is reversed.

JEFFERS, C. J., BEALS, STEINERT, and HILL, JJ., concur.