16856

RUSHING v. SELLERS
(81 S. E. (2d) 281)

*Messrs. Leppard & Leppard,* of Chesterfield, *for Appellant,*

*Ney B. Stelle, Esq.,* of Chesterfield, *for Respondent,*

April 5, 1954.

OXNER, Justice.

While in the Court below this case involved several issues, this appeal relates solely to the location of the boundary line between the property of appellant and respondent. The facts, which are undisputed, are as follows:

Prior to 1931, Mary and Margaret Davis owned a tract of land containing aproximately 18 acres situate between State Highways Nos. 9 and 265, which intersect at about a 30-degree angle approximately four miles west of the Town of Chesterfield. They owned other property on both sides of these highways but only the 18 acre tract has any bearing on this controversy. In 1931 the Davises conveyed one acre of the 18 acre tract to J. H. Wannamaker with the following description:

"All that certain piece, parcel or tract of land situate, lying and being in the State and County aforesaid, containing exactly one (1) acre and of triangular shape, the same lying in the triangle formed by the junction of the public road leading from Chesterfield to Pageland (now State Highway No. 9) and the public road leading from Chesterfield to Jefferson (now State Highway No. 265), and bounded by said roads and by remaining lands belonging to Mary Davis and Margaret Davis."

In 1936, they conveyed to appellant J. R. Rushing the residue of said 18 acre tract. After referring to the boundaries of the property conveyed, it was stated in the description:

"Said tract of land contains 17 acres, more or less, and is all lands owned by the grantors herein between State Highway No. 9 and the Jefferson Highway."

In 1945, J. H. Wannamaker conveyed the one acre tract, which he had acquired in 1931, to respondent Otis Sellers.

The one acre tract now owned by respondent is triangular in shape. At the point of intersection of these highways,

Highway No. 265 runs approximately east and west, while Highway No. 9 runs in a northwesterly and southeasterly direction and, as previously stated, they intersect at approximately a 30-degree angle. Considering the junction of these highways as the apex of the triangle, the dispute between these parties is as to the location of the line forming the base. This line constitutes the western boundary of the one acre tract. The location of this boundary depends on whether in conveying one acre of land, the parties intended to include as a part of said quantity the appurtenant half of each highway, or to convey one acre independently of the highways.

No plat was made of either the one acre tract or the 17 acre tract. The location of the disputed boundary depends solely upon the construction to be given the deed conveying the one acre tract. In construing this deed, the vital question is the intention of the parties. *Klapman v. Hook,* 206 S. C. 51, 32 S. E. (2d) 882.

In support of his contention that the boundary line should be determined by giving respondent one acre at this intersection measured from the center of the highway, appellant relies upon the rule that in a conveyance of land calling for a highway as the boundary, it is presumed that the grantor intends to convey to the center of such highway, subject to the easement of the public way, provided the grantor at the time owned the fee to the center. This rule has been long established in this as well as other jurisdictions. *Witter v. Harvey,* 1 McCord 67; *Noble v. Cunningham,* McMul. Eq. 289; *Boney v. Cornwell,* 117 S. C. 426, 109 S. E. 271; 11 C. J. S., Boundaries, § 35; 8 Am. Jur., Boundaries, Section 36. Of course, this presumption is a rebuttable one, but as there is nothing in the conveyance by the Davises showing a contrary intent, it will be presumed that they intended to convey title to the center of these highways, subject to the public easement. But it does not follow that they intended that the quantity of one acre should be computed by including the appurtenant half of each highway. On the contrary, we think it is obvious that

the intent was that the grantee should take the quantity stated exclusive of the highways, although the title under the deed would extend to the center thereof. In other words, it was contemplated that the grantee should receive one acre of land which could be occupied and appropriated to private use. Under appellant's construction, respondent, according to the record, would have only 67/100 of an acre which could be devoted to that purpose. In construing a deed of this kind, consideration must be given to all the circumstances, including the area involved. To illustrate, suppose this conveyance had called for only a small fraction of an acre at this intersection. Under appellant's view, the result would be that the grantee would receive only a negligible amount of usable land. On the other hand, there might be force in appellant's argument if the conveyance in question had involved a large acreage.

A number of cases relating to the question under consideration are reviewed in an annotation found in 6 A. L. R. 1165. Perhaps the one most closely analogous to the facts of the instant case is that of *Fraser v. Ott,* 95 Cal. 661, 30 P. 793, which strongly supports the conclusion we have reached. Also, see 8 Am. Jur., Boundaries, Section 44.

It is argued that to hold that in computing the quantity of one acre conveyed the measurements should extend only to the edge of the right of way, would be inconsistent with the further conclusion that the fee conveyed extended to the center of the highway. We do not think so. Such was the intention of the parties and no good reason appears why it should not be given effect.

It further appears from the record that in 1946, which was after the conveyances to appellant and respondent, Highway No. 265 was relocated by moving same a short distance south upon other lands of appellant. In consequence of the abandonment of the former location, respondent, under the conclusion we have reached, now owns to the center of the old highway free of any public easement. Appellant argues that this leads to the unjust result of respondent having

more than an acre of land which he can occupy and appropriate to his private use. But this fortuitous circumstance which occurred after respondent acquired the one acre tract could have no bearing on the intentions of the parties as to the quantity of land conveyed.

The order appealed from is affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and J. ROBERT MARTIN, JR., A. A. J., concur.