ROBERT L. PORTER *et al., Appellants,* v. TEMPLE INVESTMENT COMPANY, INC., *et al., Respondents.*

*William L. Donais,* for appellants.

*Johnson, Quigley, Hatch & Loveridge* and *Robert B. Leslie,* for respondents Temple Investment Company, Inc., et al.

*Schneider, Smythe & Salley* and *Robert M. Smythe,* for respondents Shin.

WILLIAMS, J.—This case concerns the ownership of a piece of land in King County situated immediately across the Green River from riparian property owned by Robert L. Porter and Iris C. Porter, his wife, appellants. The trial court quieted the disputed title in respondent Marjorie Ward and her successors in interest.

Appellants' property, government lot 7, was created by patent in 1867 with the Green River as its west boundary. Government lot 8 was created directly across the river, which formed its east boundary. The land which appellants claim lies just west of the river. They advance three theories in support of their position:

■ The first is that the land which they claim was initially part of lot 7 and was severed from it by an avulsion of the river. The court found on substantial evidence that the river had moved gradually to the east and that the land in issue had been formed by accretion.[1] Accreted land belongs to the riparian owner. *Hirt v. Entus,* 37 Wn.2d 418, 224 P.2d 620 (1950); *Harper v. Holston,* 119 Wash. 436, 205 P. 1062 (1922).

■ Secondly, appellants assert the property is theirs by operation of RCW 7.28.080 which provides that a person having color of title made in good faith to vacant and unoccupied land and who has paid the taxes assessed thereon for 7 successive years shall be the legal owner. Appellants contend that since lot 7 originally included the disputed property, the original patent established color of title. In *Heikkinen v. Hansen,* 57 Wn.2d 840, 360 P.2d 147 (1961), the court held that one may not successfully claim property under color of title when the property is not described in the deed. Appellants' property has always been described as lying east of the river. Since the description has never included property west of the river boundary, appellants have not had color of title.

■ Appellants next seek relief under the provisions of RCW 4.16.020, the 10-year open and hostile use statute. The evidence was in conflict and we will not disturb the findings of the trial court that appellants did not prove ownership by adverse possession. *Rognrust v. Seto,* 2 Wn. App. 215, 467 P.2d 204 (1970).

---

[1]Appellants' counsel argued that a finding of accretion violated the laws of hydraulics. *Missouri v. Kentucky,* 78 U.S. (11 Wall.) 395, 20 L. Ed. 116 (1871), reported that the Mississippi River north of Wolf Island accreted in the same way. *See also* F. Clark, Law of Surveying and Boundaries, § 460 (3d ed. J. Grimes 1959). The evidence in the trial court on the subject was conflicting. The finding that the accretion did take place on the west side of the Green River must prevail.

Since appellants have been unable to establish a claim to any of the land west of the river,[2] it is unnecessary to consider the remaining assignments of error.

The judgment is affirmed.

HOROWITZ, C.J., and UTTER, J., concur.

---

[2] During oral argument, appellants advanced the theory that they deraigned title from defendants Bjork and Strathdee who were original riparian owners of land immediately north of that owned by respondent Ward. An order of default was entered against these defendants when they failed to appear and answer appellants' complaint. This land, which was in front of or to the east of the property of defendants Bjork and Strathdee, was included in the color of title of respondent Ward and by the trial court's decree quieted in her and her successors. Since this theory was not carried in the assignments of error or argued in appellants' brief, we may not consider it. CAROA 43; *Tremlin v. Tremlin,* 59 Wn.2d 140, 367 P.2d 150 (1961); *Brandt v. Impero,* 1 Wn. App. 678, 463 P.2d 197 (1969).