[No. 997-41621-1. Division One—Panel 2. May 8, 1972.]

WILLIAM A. PEDERSON, *Respondent,* v. KINGSTON
PETERS *et al., Appellants.*

*James S. Munn,* for appellants.

*Monheimer, Schermer, VanFredenberg & Smith* and *D. VanFredenberg,* for respondent.

SWANSON, J.—This is a boundary dispute. Kingston Peters and Kingston Village, Inc., hereinafter referred to as appellant "Kingston," appeal from a judgment by the trial court in a suit brought by respondent William Pederson holding appellant Kingston liable for damages caused to property excavated by it but determined by the trial court to be owned by respondent.

The trial court found that the appellant and respondent each own different parts of property bounded on the east by 12th Avenue Southwest in West Seattle known as lot 12,

Hood & Carr's First Addition to West Seattle. Appellant is the owner of the north 180 feet of lot 12, except for a portion of the southeast corner thereof measuring 80 feet north and south, and 100 feet east and west, which portion is owned by respondent.

The dispute centers upon the location of the eastern boundary of appellant's property which is the western boundary of respondent's property. Appellant contends that this boundary is determined by a line 100 feet west and parallel to what is now the center line of 12th Avenue Southwest. The trial court found that the boundary is a line 100 feet west and parallel to a line 15 feet west of the center line of 12th Avenue Southwest.

Appellant Kingston, presumably acting upon its belief as to the location of the disputed boundary, excavated to a depth of 20 feet a strip of land measuring 15 feet east and west, and 80 feet north and south, which the trial court found to be the western portion of respondent's property. The trial court awarded respondent damages in the amount of $2,400. This appeal followed.

Appellant contends that the trial court erred when it admitted parol evidence to prove that appellant and respondent purchased their property from a common grantor, one Harris D. Trepanier, inasmuch as the statutory warranty deed to respondent's property shows a conveyance from one Clem LaVoy to respondent.[1] Appellant urges that such evidence, which demonstrated that respondent's vendor, Harris D. Trepanier, sold respondent's portion of lot 12 with reference to an eastern boundary created by 12th Avenue Southwest[2] should not have been admitted because

[1]Appellant also contends that insofar as such parol evidence consisted of testimony by respondent, Clem LaVoy, and respondent's neighbor to the south, Robert W. Thamert, as to transactions with Harris D. Trepanier, who was deceased at the time of trial, it was admitted in violation of the "dead man" statute, RCW 5.60.030. Appellant raises this contention for the first time on this appeal, and therefore it will not be considered.

[2]Respondent indicates in his brief that the eastern boundary of his property created by 12th Avenue Southwest lies along a line 30 feet

it contradicted the statutory warranty deed which showed a conveyance of the property from Clem LaVoy without any easement reservation for 12th Avenue Southwest. In a related contention, to be discussed below, appellant maintains that the absence of any easement reservation in the deed to respondent's property resulted in a conveyance of property from LaVoy to respondent with reference to the center line of 12th Avenue Southwest.

■■ Parol or other extrinsic evidence is generally not admissible to add to, subtract from, vary, or contradict written instruments which are contractual in nature and which are valid, complete, unambiguous, and not affected by accident, fraud, or mistake. *Bond v. Wiegardt*, 36 Wn.2d 41, 216 P.2d 196 (1950); *see Beedle v. General Inv. Co.*, 2 Wn. App. 594, 469 P.2d 233 (1970).

In the case at bar the trial judge permitted the introduction of evidence which properly could be believed to establish that although the respondent Pederson received the deed to his property from LaVoy, he actually purchased the property from Trepanier. The evidence indicated that Trepanier was buying the entire tract on contract from LaVoy, and after selling a portion of it to respondent in 1958, Trepanier arranged as a matter of convenience for LaVoy to execute the deed directly to respondent; in 1962 Trepanier conveyed the remainder of the property to appellant. There was also testimony that respondent and Trepanier entered into their property sales transaction with reference to 12th Avenue Southwest and, contrary to appellant's contention, did not convey the property to respondent with reference to the center line of that street.[3]

---

west and parallel to the center line of that street. The trial court found that the appropriate eastern boundary of respondent's property line is 15 feet west and parallel to the center line. Respondent has not appealed that finding.

[3] In finding of fact 6, to which appellant assigns error, the trial court found:

That at the time of the purchase of plaintiff's property both plaintiff and his vendor were aware of the existence of 12th Ave. S.W., and that it was the intention of the parties to sell and to

Appellant contends that the admission of such evidence violated the parol evidence rule as being in contradiction of respondent's unambiguous statutory warranty deed from LaVoy. We disagree. Parol evidence was admissible to show the entire agreement between the parties which, as the court properly determined as a question of fact, included the oral agreement that LaVoy would execute the deed directly to Pederson. The evidence did not contradict the terms of the deed from LaVoy to Pederson. It is no contradiction of the deed to show that Trepanier, not LaVoy, was the actual seller, even though title technically was held by LaVoy. Consequently, there was no violation of the parol evidence rule, and the evidence properly was admitted. The parol evidence rule is a rule of substantive law and may not be applied as an exclusionary rule of evidence. *Barber v. Rochester*, 52 Wn.2d 691, 328 P.2d 711 (1958). *See Diel v. Beekman*, 1 Wn. App. 874, 465 P.2d 212 (1970), and cases cited therein.

We turn now to appellant's contention that the trial court erred in finding that the eastern boundary of respondent's property is parallel to and 15 feet west of the center line of 12th Avenue Southwest. Appellant argues that the appropriate boundary is the center line of 12th Avenue Southwest which the trial court found to be the same as the one-sixteenth section line on the plat.[4] Appellant begins

---

purchase with reference to said street, and that the dimensions by which plaintiff's property was purchased were not intended to and did not include the 15-foot street area shown on the plat, and that plaintiff purchased a piece of property 80 feet north and south and 100 feet east and west, the 100 feet being measured from a point 15 feet to the west of the center line of 12th Ave. S.W.

[4]The trial court entered finding of fact 4 as follows: "That the aforementioned Hood & Carr's First Addition to West Seattle is located in the West half of the Southwest quarter of Section 6, Township 23 North, Range 4 E.W.M., King County, Washington. That the boundaries of the said plat are delineated by solid lines; that outside of the said solid lines are dotted lines which were intended to indicate street areas; that on the south boundary the said dotted line is indicated as being fifteen (15) feet to the south from the solid or subdivision line, and that on the east the dotted line is the same distance from the solid line as on the south, and, using the scale shown on the plat, would indicate

its argument by observing that the one-sixteenth section line appears on the plat as a dotted line which the trial court found indicated a 15-foot easement for a street area along the eastern boundary of what is now respondent's property. Appellant reasons that the plat was subject to the mandatory provisions of Laws of 1889-90, ch. 19, § 32, and that inasmuch as the street easement was not opened within the 5-year period required by the statute, the public, by operation of law, lost any right to lay claim to any public way purportedly dedicated by the plat. *See Miller v. King County,* 59 Wn.2d 601, 369 P.2d 304 (1962).

Appellant points out that the record indicates that the original owners of the property lost their property to King County for delinquent taxes on or before November 20, 1940, and urges that even if there were any residual right to the street easement which had not fully been extinguished by operation of law in 1895, there was a complete merger of the dominant and servient estate when King County acquired the fee. Therefore, appellant concludes, when respondent's predecessor Clem LaVoy obtained a tax deed without any reservation for the street easement from King County on November 20, 1940, LaVoy succeeded to the full fee ownership.

Based upon the foregoing history of the property in question, appellant contends that, under the rule stated in *Turner v. Davisson,* 47 Wn.2d 375, 287 P.2d 726 (1955), when LaVoy executed a deed to respondent without any reservation for the street easement, he conveyed the fee to the center of the street, and therefore the western boundary of respondent's property is a line parallel to and 100 feet west of the center line of the street, namely 12th Avenue Southwest.

a distance of fifteen feet, although no exact dimension is shown on the plat in figures. That all surveys show that on the southern boundary of said plat the distance between the westerly section line and the said dotted line is about 1328 feet, and that it is thus the one-sixteenth section line, and further, said surveys show it to be coincident and coextensive with the center line of 12th Ave. S.W."

In *Turner*, 47 Wn.2d at 385, the court stated the applicable rule as follows:

It is a general rule that the dedication of a street for public use conveys only an easement, and that, where a lot or block is conveyed *as such*, without reservations or exceptions, the conveyance carries with it the fee to the center of the street.

(Italics ours.) The court went on to state a similar rule applicable in a case where a dedicated street has been vacated by operation of law, and the contrasting rule applicable in the case of a formal vacation:

Where a dedicated street has been vacated by operation of law, but there is nothing in the public records to show the vacation, *the same rule applies,* and a conveyance by lot or block *carries with it the fee to the center of the street,* unless the street is expressly excluded. . . .

. . .

On the other hand, the decisions of this court consistently have indicated that, where a street is officially vacated and such vacation is a part of the public records, a grantee is presumed to have notice of the fact of vacation, and a conveyance describing the property by lot or block does not carry with it any part of the vacated, abutting street, unless specifically included. [Citations omitted.]

 In the case at bar, there is nothing in the public records to show a vacation of the street easement; however, in this case, as distinguished from *Turner,* the property in question was not conveyed to respondent by lot or block *as such,* but rather the conveyance was made by reference to a specific 100 feet described in respondent's deed as "The South 80 feet of the East 100 feet of the North 180 feet of Tract 12 . . ." Appellant directs us to *Delevick v. Rebble,* 32 Wn.2d 535, 202 P.2d 438 (1949), in which the court held that where a deed conveyed a specific quantity of land, and expressly excluded strips of land previously dedicated for road purposes, the quantity of land conveyed was to be measured exclusive of the dedicated strips. It is apparent from a careful reading of that case that the

court's holding resulted primarily upon its determination of what was the *intent* of the grantor and grantee as reflected in the deed, rather than upon the presence of language in the deed expressly excluding the dedicated strips. As appellant points out, the court in *Delevick* quoted with approval the rule expressed in 11 C.J.S. *Boundaries* § 35 (1938), at page 537:

> "Even though the description in a conveyance is to the side of a highway and names the quantity of land, the grantee will take to the center, and this is true even if the conveyance has been limited to a specified strict measure within boundary lines described as abutting on the exterior line of a street; *but where the required quantity can be obtained by beginning at the side of the highway or street, and such is clearly the intent of the instrument, the grantee will take the quantity contracted for exclusive of the street.*"

(Italics ours.)

Similarly, in this case we hold that there was substantial evidence upon which the trial court could base its conclusion that the intent of the parties involved in the sale of the property in question was to measure the 100-foot east-west boundary of such property beginning at a point 15 feet west of the center line of 12th Avenue South and located on the solid subdivision line shown on the plat. Even in the absence of the evidence we have already identified as properly admissible and not in violation of the parol evidence rule, the trial court properly could believe that the respondent bought his property with reference to the existing 12th Avenue Southwest. Although the trial judge in his findings did not explicitly make reference to a prescriptive easement having been acquired by the county in 12th Avenue Southwest,[5] he entered finding of fact 5 as follows:

That for many years last past and at least since 1946,

---

[5] In this connection, it is notable that in *Kingston Village Corp. v. King County*, 4 Wn. App. 813, 484 P.2d 408 (1971), this court affirmed a trial court decision holding that King County had acquired a prescriptive easement in a 15-foot strip of property which is north of and a continuation of the 15-foot strip west of the center line of 12th Avenue Southwest involved in the instant case.

12th Ave. S.W. has been open to the public for travel thereon, has been graded and maintained by King County, and from the center line of 12th Ave. S.W. to the west has been a hard surfaced road of about 12 feet in width, with additional area to the west thereof having been used for travel and for parking, so that 15 feet or more has been used by the general public and maintained by King County as a public road since at least 1946.

Appellant does not assign error to this finding.

We conclude there is substantial evidence to support the trial court's conclusion that the parties involved intended by the deed executed to respondent in 1958 to convey property excluding the 15-foot strip of land measured west of the center line of 12th Avenue Southwest which had been part of the paved street since 1946.

Judgment affirmed.

FARRIS, A.C.J., and CALLOW, J., concur.