[No. 1486-1. Division One—Panel 1. April 2, 1973.]

D. V. Finley, *Respondent*, v. Blanche Jordan *et al.*, *Defendants*, Wilfred Jordan *et al.*, *Appellants*.

*Pemberton & Bentley* and *Joseph T. Pemberton*, for appellants.

*McCush, O'Connor & Thompson* and *David A. Nichols*, for respondent.

JAMES, J.—D. V. Finley brought this action to establish his ownership of a 30-foot-wide strip of land running along the southern boundary of the property of Wilfred Jordan, Finley's neighbor to the north. Jordan claims title by adverse possession. The trial judge concluded that title to the strip is in Finley. We agree.

■ On appeal Jordan first claims that the trial judge erred in concluding that the conveyances in Finley's chain of title were sufficient to carry title to the 30-foot strip to Finley. The strip in question is the southerly half of a platted road. The road was provided for in a plat recorded in 1899, but was never opened or used. By operation of the mandatory provisions of Laws of 1889-90, ch. 19, § 32, in effect at that time, the road was automatically vacated in 1904, reverting title to the owners of the abutting property. *Smith v. King County,* 80 Wash. 273, 141 P. 695 (1914). Title to the property south of the center line came to rest in Whatcom County, which conveyed it to Finley in 1957. Jordan argues that the county's conveyance to Finley by a metes and bounds description should work an exception to the rule set forth in *Turner v. Davisson,* 47 Wn.2d 375, 287 P.2d 726 (1955), that where a street has been vacated by operation of law, a conveyance by lot or block of property abutting on the vacated street carries with it the fee to the center of the street, unless the street is expressly excluded. It is settled that an intention to pass title to the center line is "always presumed" and that a contrary intent to withhold such title "must clearly appear." *Bradley v. Spokane & Inland Empire R.R.,* 79 Wash. 455, 460, 140 P. 688 (1914). We see no reason why the metes and bounds description in the county's conveyance to Finley should alter that rule.[1] Since Jordan has adduced no evidence of an intent by any of Finley's predecessors in title to pass less than title to the center line, we conclude that the conveyances are sufficient to pass title to the strip to Finley.

[1]In *Pederson v. Peters,* 6 Wn. App. 908,.496 P.2d 970 (1972), we also dealt with a metes and bounds description of portions of platted property, but in that case we held that there was substantial evidence that the intent of the parties was to *exclude* the vacated street.

■ Jordan next asserts that the trial judge erred in concluding that the statute of limitations governing adverse possession of the strip by Jordan and his predecessors in title could not begin to run against Finley until Whatcom County sold to Finley. Jordan concedes that the adverse possession statute of limitations may not be invoked against Whatcom County, but he asserts that "respondent cannot clothe himself with some government immunity merely because he purchased from the county." His theory is that the immunity was enacted "for the benefit of the county or other municipality, and in turn, the public, and not for the benefit of some subsequent purchaser from the county." Jordan does not dispute that the county held the property in a governmental, as opposed to a proprietary, capacity. It is well established that title to land held by a municipality in its governmental capacity may not be impaired by means of adverse possession. *Gustaveson v. Dwyer*, 83 Wash. 303, 145 P. 458 (1915).

"Adverse possession" is a meaningful legal concept only if legal title can be acquired thereby. Any possession of Jordan or his predecessors in title adverse to Whatcom County was meaningless as against the county, since its title could not be impaired. We hold that possession which is in all other respects adverse, but which cannot result in the acquisition of legal title, is not "adverse possession." Because the county's title was unimpaired, and because it conveyed all the title it had to Finley, it follows that Finley had conveyed to him a title unimpaired by any possession adverse to his predecessor in title, and the statute may begin to run only from the beginning of Finley's ownership.

■ The trial judge found that subsequent to the county's sale to Finley, Jordan's adverse claim had not ripened because the possession of Jordan and his predecessors in title was not for an *uninterrupted* 10-year period. But Jordan contends that the trial judge should have applied the 7-year adverse possession statute, RCW 7.28.070, instead of the 10-year statute, RCW 4.16.020. RCW 7.28.070 reads: "Every person in actual, open and notorious possession of

lands or tenements *under claim and color of title, . . ."* (Italics ours.) In *Porter v. Temple Inv. Co.,* 4 Wn. App. 408, 409, 481 P.2d 582 (1971), it is held that "one may not successfully claim property under color of title when the property is not described in the deed." Since none of the conveyances in Jordan's chain of title purport to convey the strip in question, Jordan's claim is not "under color of title" and the statute is inapplicable.

 Finally, Jordan challenges the trial judge's finding that Jordan did not establish his title to the strip by adverse possession for a 10-year period. A party claiming title to land by adverse possession has the burden of affirmatively proving such possession. *Brown v. Hubbard,* 42 Wn.2d 867, 259 P.2d 391 (1953). The trial judge found as a fact that Jordan did not prove an uninterrupted 10-year possession. His finding is supported by substantial evidence. We are bound to accept it. *Thorndike v. Hesperian Orchards, Inc.,* 54 Wn.2d 570, 343 P.2d 183 (1959).

Affirmed.

SWANSON, C.J., and FARRIS, J., concur.

Petition for rehearing denied April 25, 1973.

Review denied by Supreme Court June 20, 1973.