[Civ. No. 1168. Fifth Dist. Sept. 23, 1970.]

FRANCES PILKINGTON, Plaintiff and Appellant, v.
TOM FAUSONE et al., Defendants and Respondents.

## COUNSEL

Myrtle M. Burgess for Plaintiff and Appellant.

Mikio Uchiyama for Defendants and Respondents.

## OPINION

**COAKLEY, J.**—This quiet title action presents the question of ownership of an alley, 20 feet wide. The court decreed ownership of the westerly 10 feet of the alley in the respondents and the easterly 10 feet in appellant. Appellant contends he owns the entire 20 feet.

The facts are not in dispute and there is no issue of credibility

of witnesses. The solution lies in the interpretation of documentary evidence, chiefly deeds, and in applicable statutes. Accordingly, the question is one of law, which, as an appellate court, we must resolve independently of the trial court's determination. (*Parsons* v. *Bristol Development Co.*, 62 Cal.2d 861, 865 [44 Cal.Rptr. 767, 402 P.2d 839].)

The alley was dedicated to public use in 1906 when the Fresno County Board of Supervisors accepted a subdivision map, and the same was recorded, showing the alley as a public way. Fee title was not conveyed to the county. It, therefore, acquired only an easement for public use. The easement was officially abandoned in 1966. When a public easement in a street or alley is officially abandoned, title reverts to the owner or owners of the underlying fee. (Sts. & Hwy. Code, § § 960, 960.5.)

The alley which runs in a north-south direction is bounded on the west by lots 10 to 15, and on the east by parcel 2. As shown on the subdivision map, lots 10 to 15 run to the western boundary of the alley, but do not include any part of the alley, while parcel 2 includes all of the alley, the western boundary of parcel 2 and the eastern boundary of lots 10 to 15 being a common boundary. Lots 10 to 15 and parcel 2, respectively, face on and about public streets.

In 1904, Elizabeth Pickett became the sole owner of lots 10 to 15 and of parcel 2 through a decree of distribution in her deceased husband's estate. The decree describes the lots by subdivision numbers and parcel 2 by metes and bounds, the western boundary of parcel 2 being described as "[t]he *east* boundary of the alley." (Italics added.) There is no language in the decree which purports to distribute the alley or any part thereof to anyone. The omission, whether inadvertent or intentional, is immaterial.

Civil Code section 831 provides: "An owner of land bounded by a road or street is presumed to own to the center of the way; but the contrary may be shown."

Civil Code section 1112 provides: "A transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." "Street" as used in Civil Code section 831 includes "alley." (Sts. & Hwy. Code, § 8304.) Though Civil Code section 1112 speaks only of a highway, by a parity of reasoning it is applicable to an alley. (*Los Angeles etc. School Dist.* v. *Swensen,* 226 Cal.App.2d 574, 579 [38 Cal.Rptr. 214].)

The presumption created by Civil Code section 831 "is highly favored in the law." (*Machado* v. *Title Guarantee and T. Co.,* 15 Cal.2d 180, 183

[99 P.2d 245].) It is a rebuttable presumption, however, and as the statute states "the contrary may be shown." (Civ. Code, § 831; see also Civ. Code, § 1112; *Murray* v. *Title Ins. & Trust Co.,* 250 Cal.App.2d 248 [58 Cal.Rptr. 273]; *Speer* v. *Blasker,* 195 Cal.App.2d 155 [15 Cal.Rptr. 528].)

Nothing to the contrary appearing in the decree of distribution, the presumption and the rule of the cases cited are applicable, viz., that Elizabeth Pickett's ownership of lots 10 and 15 carried with it ownership to the middle of the alley; and, similarly, her ownership of parcel 2 carried with it ownership to the middle of the alley. As owner of all the land involved herein, including the alley, Elizabeth Pickett was free to convey all or any part of the property subject to the public's right to travel the alley.

In 1940, Elizabeth Pickett conveyed parcel 2 to the Rutherfords by metes and bounds description. That description ran to the *west* side of the alley, i.e., it included all of the alley. Appellant is the successor in interest to the Rutherfords through intermediate conveyances, all of which use substantially the same metes and bounds description found in the deed from Pickett to the Rutherfords.

■ There is nothing in her deed to the Rutherfords or in any other part of the record before us which suggests that Elizabeth Pickett intended to retain an ownership interest in the alley. On the contrary, the metes and bounds description which included all of the alley as part of parcel 2 is strong evidence that she intended to convey the entire alley to the Rutherfords, thus, rebutting the presumption of Civil Code sections 831 and 1112. "The use of a metes and bounds description . . . 'is a fact which may be considered in determining the intention of the parties.' " (*Hixson* v. *Jones,* 253 Cal.App.2d ,860, 864 [61 Cal.Rptr. 883]; *City of Redlands* v. *Nickerson,* 188 Cal.App.2d 118 [10 Cal.Rptr. 431].)

In 1942, Elizabeth Pickett conveyed lots 10 to 15 to Minkler describing the lots by number as shown on the subdivision map. That map, as we have noted, shows the lots terminating on the west side of the alley. Respondents are the successors in interest by the Minklers by intermediate conveyances, all of which use substantially the same description as used in the Pickett to Minkler deed. Of necessity, the deed to Minkler is silent as to the alley, for the reason that, two years earlier, Elizabeth Pickett had conveyed all of her interest therein to the Rutherfords. She thereupon had no interest in the alley to convey or to which the presumption created by Civil Code section 831 could apply. (See Code Civ. Proc., § 2077, subd. 4; *Norcross* v. *Adams,* 263 Cal.App.2d 362, 366 [69 Cal.Rptr. 429]; *Murray* v. *Title Ins. & Trust Co.,* 250 Cal.App.2d 248

[58 Cal.Rptr. 273]; *Anderson* v. *Citizens Sav. etc. Co.,* 185 Cal. 386, 392 [197 P. 113]; *Rucker* v. *Gregory,* 191 Va. 697 [62 S.E.2d 221].)

Respondents' case is predicated chiefly on the statutory presumption that their ownership of lots 10 to 15 carries with it ownership to the middle of the alley. As we have seen, the presumption is rebutted by Elizabeth Pickett's earlier deed in which she conveyed the entire alley to the Rutherfords by including it in the metes and bounds description of parcel two. Respondents' claim must, therefore, fall in the absence of other reliable evidence that Elizabeth Pickett, as the sole and common owner of all of the land involved in the dispute, including the alley, did not intend to convey her interest therein for its full width to the Rutherfords.

We have examined all the documentary evidence and have considered all of respondents' contentions, including those not discussed herein, and find nothing upon which to sustain an award of any part of the alley to the respondents.

Accordingly, the judgment is reversed with directions to the trial court to enter judgment quieting fee title in the alley in the appellant.

Stone, P. J., and Gargano, J., concurred.