[No. G012480. Fourth Dist., Div. Three. May 26, 1993.]

STEVEN J. BESNEATTE et al., Plaintiffs and Appellants, v.
GALO G. GOURDIN et al., Defendants and Respondents.

**COUNSEL**

Joseph A. Gelber and Ronald E. Darling for Plaintiffs and Appellants.

Warren & Conway, Michael A. Warren, Stockdale, Peckham & Werner, Donald A. Diebold, Peter B. Zell, Cummings & Kemp, Scott A. Whitcomb, Cassidy, Warner, Brown, Combs & Thurber, Glen A. Stebens, Beam & Brobeck, Beam, Brobeck & West, Kirk H. Nakamura, Jennifer J. Miller, Horvitz & Levy, David S. Ettinger, Nyman, Johnson & Maguire, C. William Nyman, Thomas G. Oesterreich and George Schiavelli for Defendants and Respondents.

## OPINION

**CROSBY, J.**—Steven and Sherry Besneatte sued homeowners in an adjoining tract to quiet title to an abandoned alleyway separating their properties. The trial court denied the Besneattes' motion for summary adjudication of issues and entered summary judgment in favor of defendants. We affirm.

I

An abandoned alley, approximately 650 feet long and 20 feet wide, separates El Toro tracts 9808 and 10009. Twenty-two residential lots run the length of the alley, eleven in each tract. The chain of title dates back to 1917. In April of that year, the Whiting Company created the alley from the margin of tract 10009, then known as "Block F," dedicating it to the county for public use. Fee title to the alley, subject to the public easement, was retained by the Whiting Company.

Twenty-eight years later, Whiting conveyed Block F to Warren and Rosie Gray. That deed contained a metes and bounds description of the property: "to the Northeasterly line of that certain 20 foot alley shown on said Map; thence North . . . West along the Northeasterly line of said alley, 650 feet to its intersection with the Northeasterly extension of the Southeasterly line of Cherry Avenue . . . ." Every subsequent transfer included this language. The J.M. Peters Company purchased Block F, subdivided the land, and sold lots to the homeowners in tract 10009. Because the county still held its easement rights, the rear property walls were constructed along the edge of the alley.

The William Lyon Company eventually acquired tract 9808. As a prerequisite for development, it was required to pursue a vacation of the county's easement in the strip. On August 17, 1982, the board of supervisors adopted a resolution to that effect. Purchasers were informed they had no interest in the alley, and rear fences for their lots were built along the edge of it. Defendants paid the property taxes due on the strip for the seven years preceding the filing of this lawsuit.

Tempers flared when tract 10009 homeowners constructed improvements extending into the alley. The Besneattes refused to acknowledge defendants' claim and filed suit to quiet title, arguing the owners of all 22 abutting lots held title to the alley as tenants in common. Toward that end, they obtained a deed from Los Alisos Citrus Ranch-West and the First American Trust Company quitclaiming any interest in the strip to the 22 property owners whose lots abut the alley.

In the early stages of the litigation, the Besneattes moved for summary adjudication on stipulated facts.[1] Defendants countered with a motion for summary adjudication of issues pursuant to Orange County Superior Court Rule 518.1. The court took the matter under submission and ruled for the defense: "The Quitclaim Deed recorded June 22, 1990 as instrument No. 90-332908 was ineffective to pass any purported interest in the 20 foot wide vacated alleyway Los Alisos Citrus Ranch-West and First American Trust Company claimed to have had therein. Neither . . . possessed any interest in the subject property at the time of the attempted conveyance."

The court also found the use of a metes and bounds description was not determinative "of the intent of the parties to the deed or conveyance, but rather, such description constitutes evidence of the intent . . . which may also be proved by other evidence." The court added, "Civil Code [s]ection 1112 is inapplicable to the facts of the instant case in that the subject property was not conveyed by an instrument containing a property description defined as bounded by a street or alleyway. [¶] [] The Court recognizes when a parcel of land described by metes and bounds abuts a street which is

---

[1]The parties stipulated the following factual matters were not in dispute: "1. The subject property described in [p]laintiff's first amended complaint is a vacated alleyway 20 feet in width bounded Northeasterly by Tract No. 10009 and Southwesterly by Tract No. 9808. . . . [¶] 2. The subject property was dedicated to the County of Orange as a public alleyway on the map of Tract No. 70 recorded in Miscellaneous Maps in April, 1917. . . . As a marginal dedicated right-of-way, the underlying fee title (i.e. fee title subject to the public easement) of the entire 20 foot wide alley was then vested in the owner of the adjacent Block 'F.' On August 17, 1982, the Orange County Board of Supervisors vacated its interest in the alleyway by way of Resolution Number 82-1242. [¶] 3. Title to the portion of Block F adjoining the alleyway on the Northeast was conveyed to Home Savings and Loan Association by a deed recorded February 10, 1977 . . . . [¶] 4. The map of Tract No. 10009 was recorded January 20, 1978 . . . . The exterior boundary of Tract No. 10009 . . . was drawn to the dedicated rights-of-way within Cherry Avenue and to the 20 foot wide alleyway. [¶] 5. The map of Tract No. 9808 was recorded August 17, 1981 . . . . The Northeasterly boundary of said tract is coincident with the Southwesterly line of the 20 foot wide alleyway. The exterior boundary of Tract No. 9808 was drawn to include portions of dedicated rights-of-way within Cherry Avenue and Trabuco Road and to the 20 foot wide alleyway. . . . [¶] 6. The property on which the alleyway was created and the property on which Tract No. 9808 was created were never under common ownership. [¶] 7. By a Quitclaim Deed recorded June 22, 1990 as instrument No. 90-332908, Los Alisos Citrus Ranch-West and First American Trust Company quitclaimed their interests, if any, in the fee title to the 20 foot wide vacated alleyway to the then owners of Lots 56 through 66, inclusive of Tract No. 10009, and the then owners of Lots 9 though 19, of Tract No. 9808. . . . [¶] 8. The fee title to the subject property was alternatively: (i) conveyed to Home Savings and Loan Association through mesne conveyances of record, and thence to the owners of Lots 56 through 66, inclusive of Tract 10009; or [¶] (ii) conveyed to Los Alisos Citrus Ranch-West and First American Trust Company through mesne conveyances of record, and thence to the then owners of Lots 56 through 66, inclusive, of Tract No. 10009 and the then owners of lots 9 through 19, inclusive, of Tract No. 9808, all as tenants in common. The validity of the quitclaim deed is not conceded at this time. However, through the motion for summary judgment the court will determine its effect."

later vacated or abandoned, it may be rebuttably presumed that the adjacent owners own to the center of such street. [Citations.] [¶] However, in the instant case, it does not appear reasonable that the Whiting Company intended to retain fee title to the strip of land beneath the subject alleyway. It seems more reasonable that the drafter of the conveyance which carved out Lot 10009 from the larger parcel intended to convey only such land which was believed, erroneously, he or she had a right to convey, and thus, the dedicated alleyway was omitted. [¶] []The Court ought to avoid the retention of fee title to strips and gores."

## II

■ Absent evidence of contrary intent, California law sets forth certain presumptions regarding the construction of deeds. Civil Code section 831 establishes a rebuttable presumption that "[a]n owner of land bounded by a road or street is presumed to own to the center of the way . . . ." Section 1112 provides that "[a] transfer of land, bounded by a highway, passes the title of the person whose estate is transferred to the soil of the highway in front to the center thereof, unless a different intent appears from the grant." The word "street," as used in section 831, includes an alley. (Former Sts. & Hy. Code, § 8304.) The courts have held section 1112 also applies to an alley. (See *Pilkington* v. *Fausone* (1970) 11 Cal.App.3d 349, 351 [90 Cal.Rptr. 38]; *Los Angeles etc. School Dist.* v. *Swensen* (1964) 226 Cal.App.2d 574, 579 [38 Cal.Rptr. 214].)

■ In this case the legal presumptions are at odds with one another. Because the grantor used a metes and bounds description to convey the property, the Civil Code section 831 and 1112 presumptions do not apply. On the other hand, the use of metes and bounds is not determinative of the grantor's intent. Nothing in the chain of title to the lots in tract 9808 suggests any ownership rights in the alley. The parties stipulated, "The property on which the alleyway was created and the property on which Tract No. 9808 was created *were never under common ownership*." (Italics added.) Similarly, no evidence suggests the Whiting Company intended to reserve any ownership interest in the alleyway strip. The defendants are the successors in interest by intermediate conveyances, all of which use substantially the same metes and bounds description. None of the deeds specifically mentions ownership of the alley.

Citing the state policy against the creation of strips and gores, the trial court concluded the Whiting Company did not intend to reserve the fee title to the alley. (See *Safwenberg* v. *Marquez* (1975) 50 Cal.App.3d 301, 306

[123 Cal.Rptr. 405].) It is well settled "under the principles of common-law dedication the public takes nothing but an easement for a public use, the title to the underlying fee remaining in the original owner and passing to the successors in ownership of the abutting land. [Citation.] Under that principle of law all that the county [] obtained by the dedication and acceptance was an easement for road and street purposes. The underlying fee remained in the original owner and passed to his successors." (*Id.* at p. 307, internal quotation marks omitted.)[2] Accordingly, we conclude the trial court correctly determined the abutting owners in tract 9808 did not acquire title when the county abandoned its easement rights in the alleyway. As a matter of law, the fee title to the alley was always in the tract 10009 owners.

The "doctrine of marginal streets" also supports the trial court's ruling. The rule is this: "The grant of land adjoining a street or highway which has been wholly made from, and upon the margin of, the grantor's land is deemed to comprehend the fee in the whole of the street." (*Everett* v. *Bosch* (1966) 241 Cal.App.2d 648, 655, fn. 3 [50 Cal.Rptr. 813], internal quotation marks omitted.) Put another way, if a property owner creates a street from and along the margin of his property, a deed conveying the land bounded by the road carries fee title to the entire parcel, subject to the public easement. In such cases it would be illogical to presume the grantor intended to retain a narrow sliver of land "which, when separated from the adjoining land, would be of little or no use to him." (*Id.* at p. 654; but see *City of Redlands* v. *Nickerson* (1961) 188 Cal.App.2d 118, 128 [10 Cal.Rptr. 431].)

The Whiting Company dedicated the alley to the county for easement purposes in April 1917. The alley was created entirely from the margin of Block F, property held by the grantor. The grantor did not specifically except or reserve any interest in the strip when it conveyed the property. (See *Tract Development Services, Inc.* v. *Kepler* (1988) 199 Cal.App.3d 1374, 1383 [246 Cal.Rptr. 469] [when easement for a right-of-way is created by initial reference to a subdivision map, it passes without subsequent reference unless specifically excepted].) In the statement of stipulated facts, the Besneattes concede fee title to the 20-foot alley, subject to the public easement, "was [] vested in the owner of the adjacent Block 'F' " and the "property on which the alleyway was created and the property on which Tract No. 9808 was created were never under common ownership." There are no grounds for reversal.

---

[2]Former Streets and Highways Code section 8324 provides in pertinent part, "Upon the making of such order of vacation the public easement in the street or part thereof vacated ceases *and the title to the land previously subject thereto reverts to the respective owners thereof* free from the public easement for street purposes." (Italics added.)

Judgment affirmed. Respondents are entitled to costs.

Sills, P. J., and Wallin, J., concurred.