Filed 8/6/14  Rhodes v. City of Glendora CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| JAMES RHODES, an Individual and as Trustee of The Rhodes Family Trust,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>CITY OF GLENDORA, a Municipal Corporation,<br><br>    Defendant and Respondent. | B251642<br><br>(Los Angeles County<br>Super. Ct. No. KC064007) |

APPEAL from a judgment of the Superior Court of Los Angeles County. Salvatore T. Sirna, Judge.  Affirmed.

Law Office of Glenn E. Stern, Glenn E. Stern, Jan T. Aune and Richard Coberly for Plaintiff and Appellant.

Law Offices of Leech & Associates, D. Wayne Leech for Defendant and Respondent.

\* \* \* \* \* \*

Following a bench trial on stipulated facts, the trial court ruled that Civil Code section 1007 applied to bar plaintiff and appellant James Rhodes from bringing a claim for adverse possession of property to which defendant and respondent the City of Glendora (City) held title.  We affirm.  The trial court properly determined that appellant was not entitled to perfect a claim for adverse possession against public property as a matter of law.

## FACTUAL AND PROCEDURAL BACKGROUND

This matter was tried on the basis of stipulated facts.  (See *Mooney v. Pickett* (1972) 26 Cal.App.3d 431, 437 [where no relief from stipulation has been requested or granted, "stipulated facts are binding on the appeal"].)

In October 1910, the County of Los Angeles (County) acquired fee simple title to Amelia Avenue, a 60-foot wide street.  The center 40-foot width of Amelia Avenue was improved with an asphalt road surface, leaving approximately 10 feet on either side unimproved.  A copy of the deed by which the County obtained Amelia Avenue was identified as Exhibit 1.

In October 1961, appellant acquired his residential property in fee simple (Rhodes property).  The west property line of the Rhodes property abuts the east property line of a portion of Amelia Avenue.  The portion in dispute—an approximate 10-foot-wide by 210-foot-long portion of Amelia Avenue (the Strip)—had landscaping on it when appellant acquired the Rhodes property.

Pursuant to Street and Highways Code section 989, in February 1966 the County's fee simple interest in part of the 60-foot-width of Amelia Avenue, including the Strip, passed to the City of Glendora (City) in connection with the annexation of the Easterly Annexation District No. 57.  The annexation was filed with the County Recorder's Office on February 11, 1966, and a copy thereof was identified as Exhibit 2.  Since that time, the City has held a fee simple interest in Amelia Avenue, including the Strip.

2

In June 2012, appellant filed a complaint against the City and County, alleging causes of action for declaratory relief and quiet title.[1]  He sought relief on the ground he had established an interest in the Strip through adverse possession.  He contended he was entitled to perfect a claim for adverse possession on the basis the Strip had not been officially dedicated for public use.  The City maintained that appellant could not adversely possess the Strip because it was public property.  It further asserted that formal public use dedication was not required to prohibit a claim of adverse possession involving public property and that, in any event, Amelia Avenue, including the Strip, had been dedicated for public use as a road.

For the purpose of trial, the parties offered no evidence beyond the stipulated facts.  Pursuant to that stipulation, the parties "respectfully request[ed] that the court adjudicate whether plaintiff is entitled to perfect a claim for adverse possession of the Strip as a matter of law.  If the court adjudicates that plaintiff is entitled to perfect an adverse possession claim to the Strip as a matter of law, the parties will either present evidence and testimony as to whether plaintiff has met the elements required to perfect a claim for adverse possession, or stipulate to further facts addressing those elements for further court adjudication.  [¶]  If the court determines that plaintiff is not entitled to perfect an adverse possession claim to the Strip as a matter of law, judgment in favor of defendant and against plaintiff shall be entered accordingly, and there shall be no further necessity for additional evidence and testimony to be received."

The parties submitted trial briefs in support of their respective positions.  Thereafter, the trial court called the matter for trial in July 2013 and made the following findings:  "[Civil Code] Section 1007 applies to this case.  There can be no adverse possession of property dedicated to or owned by the state or any public entity.  The city

---

[1]     The County did not appear at trial and, consequently, is not a party to this appeal.

3

of Glendora is determined to be a public entity as contemplated by [Civil Code] Section 1007. [¶] The Court finds that exhibit 1 (1910 deed), states public use for property of trust designates the subject property as use for a road."

The trial court thereafter entered a judgment that included a recitation of the stipulated facts and elaborated on the initial findings, providing: "1. Civil Code Section 1007 applies to this case and the 1935 amendment to Civil Code Section 1007 bars plaintiff's claim for adverse possession to the Strip. [¶] On October 17, 1910, the County of Los Angeles acquired fee simple title to Amelia Avenue, a 60 foot wide street, for 'road purposes.' The deed (Exhibit 1) states in relevant part: [¶] 'For, and in consideration of the sum of one & no/100 dollars . . . [] do hereby grant to the said county of Los Angeles in fee simple for road purposes the following described real property . . . [] a strip of land sixty (60) feet in width . . . [] (Reference is hereby made to the attached map.') [¶] Said deed evidences that the entire width of Amelia Avenue, including the Strip, was deeded to the County for road purposes, a public use. The City of Glendora is not required to prove that the Strip was dedicated for a public use, since the 1935 amendment to Civil Code Section 1007 holds that title to property held by a governmental agency is not subject to loss by adverse possession regardless of the character of the property as a public use or propriety [*sic*] use. Nonetheless, said deed provides that Amelia Avenue, including the Strip, is for roadway purposes, a public use, thereby providing another legal basis for defeating Plaintiff's adverse possession claim."

This appeal followed.

## DISCUSSION

The trial court adjudicated a single question of law: Whether appellant was entitled to perfect a claim for adverse possession of the Strip as a matter of law on the basis of the stipulated facts. Appellant challenges the trial court's resolution of that question on several grounds, none of which has merit.

4

**I.**     **Applicable Adverse Possession Principles and Standard of Review.**

"Adverse possession is a means to acquire ownership of land." (*Silacci v. Abramson* (1996) 45 Cal.App.4th 558, 562.) Current law provides: "In California, title to property owned by a public entity cannot be obtained by another through adverse possession. [Citations.]" (*Hagman v. Meher Mount Corp.* (2013) 215 Cal.App.4th 82, 87, fn. omitted.) This principle is codified in Civil Code section 1007,[2] which states: "Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all, but no possession by any person, firm or corporation no matter how long continued of any land, water, water right, easement, or other property whatsoever dedicated to a public use by a public utility, or dedicated to or owned by the state or any public entity, shall ever ripen into any title, interest or right against the owner thereof."

As originally enacted in 1872, section 1007 provided that real property held by the state or its subdivisions was subject to loss through adverse possession if the property was held in a proprietary capacity and had not been reserved for or dedicated to public use. (*Southern Pacific Co. v. City and County of San Francisco* (1964) 62 Cal.2d 50, 53, fn. 1; *Henry Cowell Lime & Cement Co. v. State of California* (1941) 18 Cal.2d 169, 172.) The statute was amended in 1935 to provide that "title to property held by the governmental agencies therein described is not subject to loss by adverse possession regardless of the character of the property." (*Southern Pacific Co. v. City and County of San Francisco, supra,* 62 Cal.2d at p. 53, fn. 1; accord, *Marin Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 882; see also Stats. 1935, ch. 519, § 1.) A 1968 amendment—the statute's most recent—both extended the statutory exemptions to apply to property "dedicated to a public use by a public utility" and replaced the phrase "the state or any public entity" for the governmental entities specified in the former provision. (See Stats. 1968, ch. 1112, § 1.)

---

[2]     Unless otherwise indicated, all further statutory references are to the Civil Code.

5

Here, the parties offered no evidence to establish whether appellant's conduct satisfied the elements of adverse possession. Rather, the evidence was comprised of the parties' stipulation to five facts concerning title to Amelia Avenue and the Rhodes property, and the parties asked the trial court to resolve the legal question whether appellant was entitled to perfect a claim for adverse possession in light of those facts. Where a matter is tried on stipulated facts and there is no conflict in the evidence, the appeal presents only questions of law that we review de novo. (*J.H. McKnight Ranch, Inc. v. Franchise Tax Bd.* (2003) 110 Cal.App.4th 978, 983; *Sea World, Inc. v. County of San Diego* (1994) 27 Cal.App.4th 1390, 1397.)

**II.     The Trial Court Properly Determined that Civil Code Section 1007 Barred Appellant's Claim for Adverse Possession as a Matter of Law.**

Section 1007 prohibits the adverse possession of "property . . . dedicated to or owned by the state or any public entity . . . ." On the basis of the stipulated facts, the trial court concluded that appellant could not claim adverse possession of the Strip as a matter of law because, at all relevant times, either the County or the City owned the Strip. It ruled that the title to the Strip was determinative, explaining that section 1007 provided property owned by a public entity was not subject to loss through adverse possession regardless of the property's use. Alternatively, it found the stipulated facts further demonstrated that the deed by which the County acquired Amelia Avenue, including the Strip, provided the grant was for "road purposes," thereby establishing a dedication for public use.

We agree with the trial court's conclusion. The stipulated facts provided that a pubic entity—the County or the City—held title to the Strip at all relevant times. According to the plain language of section 1007, such title was not subject to loss through adverse possession. (See *Southern Pacific Co. v. City and County of San Francisco, supra,* 62 Cal.2d at p. 53, fn. 1 ["title to property held by the governmental agencies

6

therein described is not subject to loss by adverse possession regardless of the character of the property"]; *Hagman v. Meher Mount Corp., supra,* 215 Cal.App.4th at p. 87 ["title to property owned by a public entity cannot be obtained by another through adverse possession," fn. omitted]; *City of Los Angeles v. Forrester* (1936) 12 Cal.App.2d 146, 149 ["the rights of a municipality in public land may not be divested by adverse possession"]; *Martin v. City of Stockton* (1919) 39 Cal.App. 552, 557 ["'it has been held and decided that no rights can thus be acquired in and to the public property, or property devoted to a public use, or owned by a municipality for public uses'"].)

We find no merit to appellant's efforts to demonstrate that section 1007 did not apply to preclude an adverse possession claim of the Strip. At trial, appellant contended that his five-year period required for adverse possession ran from 1961 to 1966, and that therefore the version of section 1007 before its 1968 amendment was applicable. (See *Buic v. Buic* (1992) 5 Cal.App.4th 1600, 1604 [one element of adverse possession is uninterrupted and continuous possession for five years].) He further contended that section 1007 as amended in 1935 permitted public property to be adversely possessed if it was not dedicated for a public use. Building on this contention, appellant first argues that the operative version of section 1007 does not bar his claim because there was no official dedication of the Strip for public use.

Appellant's argument lacks merit. Even assuming that the pre-1968 version of section 1007 is applicable, the statute then insulated public property from claims of adverse possession regardless of the property's use. Between 1935 and 1968, section 1007 provided: "'Occupancy for the period prescribed by the Code of Civil Procedure as sufficient to bar any action for the recovery of the property confers a title thereto, denominated a title by prescription, which is sufficient against all, but *no possession by any person*, firm or corporation no matter how long continued *of any land*, water, water right, easement, or other property whatsoever *dedicated to or owned by any* county, city

7

and county, *city*, irrigation district, public or municipal corporation or any department or agency thereof, *shall ever ripen into any title*, interest or right *against such* county, city and county, *city*, public or municipal corporation, irrigation district, or any department or agency thereof or any agency created or authorized by the Constitution or any law of this State for the administration of any State school, college or university.  The exemption of certain classes of governmental property is intended as a limitation and shall not be deemed to subject to the operation of this section any classes of governmental property which would not otherwise be subject thereto.'"  (*City of Los Angeles v. City of San Fernando* (1975) 14 Cal.3d 199, 270, fn. 66, italics and underline added, disapproved on another point in *City of Barstow v. Mojave Water Agency* (2000) 23 Cal.4th 1224, 1248.)  Thus, contrary to appellant's contention, after 1935, section 1007 provided that property owned by a city was not subject to loss through adverse possession, "regardless of the character of the property."  (*Southern Pacific Co. v. City and County of San Francisco, supra,* 62 Cal.2d at p. 53, fn. 1; accord, *Marin Healthcare Dist. v. Sutter Health* (2002) 103 Cal.App.4th 861, 882.)  Here, the parties stipulated that the City held fee simple title to the Strip.  "Unless the trial court, in its discretion, permits a party to withdraw from a stipulation [citations], it is conclusive upon the parties, and the truth of the facts contained therein cannot be contradicted.  [Citations.]"  (*Palmer v. City of Long Beach* (1948) 33 Cal.2d 134, 141-142; see also *Glade v. Superior Court* (1978) 76 Cal.App.3d 738, 744 ["a stipulation in proper form is binding upon a court unless it is contrary to law, court rule, or public policy"].)  Accordingly, the trial court properly ruled that section 1007, as amended in 1935, applied to bar appellant's claim for adverse possession of City-owned property.[3]  Appellant's reliance on *Henry Cowell Lime & Cement Co. v. State of California, supra*, 18 Cal.2d at page 173 is misplaced, as there the plaintiff

---

[3]    We find no merit to appellant's related claim that application of section 1007 as amended in 1968 unconstitutionally deprived him of vested rights.  Again, the trial court properly applied section 1007 as amended in 1935 to determine appellant could not perfect an adverse possession claim.

contended his predecessors acquired title to public property through adverse possession in the 1860's, well before the 1935 amendment to section 1007.

Nor do we find any merit to appellant's contention that a claim for adverse possession should lie because the City abandoned the Strip. Appellant relies on *Humboldt County v. Van Duzer* (1920) 48 Cal.App. 640, 643, where the court discussed the possibility that a public entity's abandonment of a property's public use could result in the property being held in a proprietary capacity, subject to acquisition by adverse possession according to the pre-1935 version of section 1007. That case does not assist appellant, as his rights must be assessed under the post-1935 version of section 1007 which makes no distinction between property held by a public entity for public use or in a proprietary capacity. The other cases cited by appellant are inapposite. (*Machado v. Title Guarantee & Trust Co.* (1940) 15 Cal.2d 180, 185 [quiet title action between adjacent private property owners involving strip of land that had been set aside for public use but was never accepted, used or improved for that purpose and was later formally abandoned by the public entity]; *Besneatte v. Gourdin* (1993) 16 Cal.App.4th 1277, 1281 [quiet title action to alley over two adjacent parcels, where public easement in alley had been abandoned and neither deed described the alley]; *Zimmerman v. Young* (1946) 74 Cal.App.2d 623, 628 [quiet title action between adjacent private property owners involving question of contractual right to easement for roadway purposes].)

In any event, even if the concept of abandonment were relevant, the court in *Humboldt County v. Van Duzer, supra,* 48 Cal.App. at page 644, explained that "[t]o effect an abandonment of an easement or public use of property acquired by grant to the public authorities, the intention to abandon must be clearly manifest. Mere nonuser of an easement acquired by grant does not amount to an abandonment." (Accord, *City of Imperial Beach v. Algert* (1962) 200 Cal.App.2d 48, 51 ["That a county or city will not lose its right to a duly dedicated public street by mere nonuser has been clearly

9

established by constantly uniform authority"].)  Here, the stipulated facts contained no evidence establishing abandonment.  Rather, the evidence showed the Strip was part of a 60-foot road owned by the County or City at all relevant times; the County improved a 40-foot width of the road with asphalt; and the Strip was landscaped when appellant acquired the adjacent Rhodes property.  This evidence provided no basis for the trial court to find the City had a manifest intent to abandon the Strip.

Lastly, we decline to disturb the judgment on the basis of facts and theories not presented below.  We denied appellant's motion to augment the record or take additional evidence on appeal of a 2010 County letter regarding the Strip, and in his reply brief, appellant has abandoned any contention based on that letter.  Appellant's final argument involves a perceived inconsistency between the map attached to the 1910 deed and the 1966 annexation map, both of which were attached to the stipulated facts.  He did not raise this issue at trial.  As aptly summarized in *Brandwein v. Butler* (2013) 218 Cal.App.4th 1485, 1519:  "It is a well established tenet of appellate jurisprudence that a litigant may not pursue one line of legal argument in the trial court, and having failed in that approach, pursue a different, and indeed, contradictory line of argument on appeal, thus depriving the trial court of the opportunity to consider what the appellant contends on appeal is the real dispute.  [Citation.]  Such new arguments may be deemed waived, based on common notions of fairness.  'Appellate courts are loath to reverse a judgment on grounds that the opposing party did not have an opportunity to argue and the trial court did not have an opportunity to consider . . . .  Bait and switch on appeal not only subjects the parties to avoidable expense, but also wreaks havoc on a judicial system too burdened to retry cases on theories that could have been raised earlier.'  [Citation.]" (Accord, *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 685 [contentions or theories raised for the first time on appeal are not entitled to consideration]; *Amato v. Mercury Casualty Co.* (1993) 18 Cal.App.4th 1784, 1794 ["It must appear from the record that the issue argued on appeal was raised in the

10

trial court.  If not, the issue is waived"].)  We deem appellant to have waived any argument premised on map inconsistency because he did not raise it below.

## DISPOSITION

The judgment is affirmed.  The City is entitled to its costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J. *
                        FERNS

We concur:



_____, P. J.
        BOREN


_____, J.
        ASHMANN-GERST

---

\*     Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.